

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Firm Fax

November 14, 2019

**BY CM/ECF & HAND DELIVERY**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Uniloc 2017 LLC v. Motorola Mobility, LLC,*
                D. Del. C.A. No. 18-01841-RGA-SRF (cons.)

Dear Judge Fallon:

We represent Defendant Motorola in the above-captioned matter and submit this letter concerning the parties' disputes over the proposed protective order. The parties generally agree a protective order should issue to protect Motorola's confidential documents and source code. The parties, however, dispute certain details of these provisions. *See* Ex. A.

Motorola and Uniloc have engaged in meet and confer discussions regarding a proposed protective order for months. *See e.g.*, Dkt. 28 (June 11, 2019 oral order referring the protective order dispute to Magistrate Judge Sherry R. Fallon); Dkt. 41 (October 11, 2019 order setting hearing and briefing schedule for the protective order dispute). While the parties' proposed protective orders have centered on several disputes, two have been constant: 1) a prosecution bar against Uniloc's counsel that receive Motorola's highly confidential technical documents and source code; and 2) page limits on the amount of Motorola's source code that Uniloc can print in this case. But now, the day before this letter brief is due, Uniloc dramatically shifted positions, arguing for: 1) either no prosecution bar or a bilateral one; and 2) no limit on the number of pages of source code Uniloc can print, other than a "reasonable number of printouts and photocopies." Uniloc has no justification for changing its positions at the eleventh hour.

With respect to the other issues, Motorola regrettably raises the following disputes: (1) a provision maintaining the burdens placed on the party filing a motion to compel; (2) a privilege claw-back provision; and (3) a provision requiring a party to seasonably supplement its own expert's disclosure regarding any change in professional activities or affiliations for conflicts purposes.

November 14, 2019
Page 2

### I.     The Court Should Issue a Prosecution Bar Against Uniloc's Counsel

On June 10, 2019, *Uniloc* drafted a proposed protective order that included a prosecution bar *against Uniloc*. Ex. B at 8-10 (draft Protective Order provided to Motorola from Uniloc's counsel K. Gannon). The parties thereafter conferred over particular language and the scope of the prosecution bar, but its existence and unilateral nature have never been in dispute. Ex. C at 8-10 (responsive draft Protective Order provided to Uniloc from Motorola's counsel L. Yip on June 10, 2019). Now that the parties have resolved those minor disputes relating to the scope of the prosecution bar, Uniloc seeks to entirely remove the prosecution bar or have it apply equally to Motorola. Ex. A at 8-10. Uniloc's belated negotiation tactic is improper, and Motorola has good cause for the entry of a prosecution bar against Uniloc's counsel.

Because Defendants will be producing highly confidential technical information, a prosecution bar is necessary to protect against the inadvertent use of that information during Plaintiff's counsel's engagement in patent prosecution or the acquisition of patents. Indeed, Plaintiff's counsel will almost certainly participate in *inter partes* review proceedings given that two other parties have filed 4 IPRs against U.S. Patent No. 6,836,654—the asserted patent in this case.[1] The parties even agreed that, while the patent prosecution bar "shall not preclude … litigation counsel from participating in any *inter partes* review proceedings[; however,] if and when claim amendments are considered in such an *inter partes* review, … litigation counsel participating in that *inter partes* review must at that time either end their involvement in that *inter partes* proceeding or request leave of court to continue their participation in that proceeding." Ex. A at 9. Prosecution bars are routinely put in place to protect against the inadvertent disclosure of a defendant's source code during claim drafting before the United States Patent and Trademark Office ("USPTO"). *Inventor Holdings, LLC v. Wal-Mart Stores Inc.*, D. Del., C.A. No. 13-cv-96, Dkt. 32 at 2-4 (Aug. 27, 2014) (entering a prosecution bar against a non-practicing entities outside counsel). Indeed, ***Uniloc agreed to a unilateral prosecution bar with respect to this patent and another defendant***. *Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, 18-508, Dkt. 23 at 5 (E.D. Tex. Apr. 10, 2019).

On the other hand, Uniloc offers no justification for subjecting Motorola's counsel to the same prosecution bar. Uniloc is a non-practicing entity that: (1) does not manufacture or sell any products; (2) will not be producing confidential technical information; and (3) will not be producing confidential source code. Given that Uniloc neither manufactures nor sells products, there is no risk of the inadvertent disclosure of Uniloc's non-existent confidential, technical information if Motorola's attorneys participate in claim drafting at the USPTO. Thus, Uniloc cannot justify the entrance of a prosecution bar against Motorola's counsel on "a counsel-by-counsel basis." *Inventor Holdings*, Dkt. 32 at 2 (citing *U.S. Steel Corporation v. U S.*, 730 F.2d 1465 (Fed. Cir. 1984)). The Court should enter Motorola's patent prosecution bar and reject Uniloc's submission as untimely and legally unsupported.

### II.    Uniloc's Requested Source Code Printout Provisions Do Not Adequately Protect Motorola's Highly Confidential Source Code

As with the prosecution bar dispute, Uniloc, the day before this letter brief was due, drastically changed the proposed amount of highly confidential source code pages it can print. On June 10,

---

[1] IPR2019-01470, IPR2019-01471, IPR2019-01218, IPR2019-01219.

November 14, 2019
Page 3

2019, Uniloc sought the ability to print 500 pages of source code—when this litigation was a *four* patent case. Ex. B at 16.  Now, three of the patents have been stayed,[2] and instead of reducing the amount of printed pages, Uniloc seeks an unlimited, amorphous "reasonable" amount of printed pages.  Ex. A at 16-17.  Uniloc offers no justification as to why it initially proposed a definite number of printed pages with respect to four patents, but can no longer do so with respect to a single patent.  Instead, Uniloc simply seeks to kick the can down the road and require the parties to set up another hearing just to resolve what "reasonable" means.  The parties are before the Court now, and Uniloc previously proposed an upper limit on printed pages.  Motorola believes 200 pages of source code for a single patent case (which is more than ¼ of the 500 pages Uniloc originally proposed for a four patent case) will be more than sufficient for Uniloc's needs and already amounts to more pages than Uniloc could ever use at a deposition or at trial.

Motorola's proposal also includes a common-sense provision that if Uniloc seeks leave to print additional pages over what the Court has ordered, the burden should be on Uniloc (as the likely receiving party) to demonstrate the need for the extra printed pages.  *Id.* at 17 ("The burden shall be on the Receiving Party to demonstrate the need for such a printed copy.").  Uniloc has provided no justification as to why the burden should be *on Motorola* (the likely producing party) to prove that Uniloc should not be allowed to exceed a court-ordered limit on the number of source code pages it can print.

### III. The Party Seeking the Printed Production of Highly Confidential Source Code Should Bear the Burden of Proving Its Relevance to the Case

In Delaware, a party moving to compel discovery bears the burden of demonstrating the relevance of the requested information. See *Delaware Display Group LLC v. Lenovo Group Ltd.*, Civil Action Nos. 13-2108, 2016 WL 720977, at *2 (D. Del. Feb. 23, 2016) (citing *Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009)).  This general rule should not be discarded in this case, especially not with respect to Motorola's highly confidential source code.  Therefore, the Court should adopt Motorola's provision that the receiving party should file any motion if the parties dispute the relevance of requested source code.  Ex. A at 17 ("If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the receiving party may file a motion with the Court.  The burden of showing relevance of the objected-to Source Code will lie with the Receiving Party.").

### IV. Uniloc Should Provide Prompt Notice to Motorola Of Any Changes in its Experts' Professional Activities or Affiliations

The parties agree to numerous provisions that protect a party's confidential information from conflicted experts and consultants.  Ex. A at 20-23.  One disputed provision remains.  Motorola seeks a provision requiring the parties to inform the other "of any material change with respect to the expert's or consultant's professional activities." *Id.* at 21.  This provision is reasonable as Motorola will be unable to obtain this information by contacting the consultant or expert directly, and an expert's or consultant's occupation may change after their original resume is approved or after a deposition.  Thus, the party in the best position to have knowledge of a change in

---

[2] *See* C.A. No. 18-01841 (Dkt. 30), C.A. No. 18-01842 (Dkt. 25); C.A. No. 18-01843 (Dkt. 25).

occupation is the party that hired the expert.  Motorola's provision is not overly burdensome and best protects the highly confidential information that the parties will disclose in this litigation.

    **V.    The Protective Order Should Protect Against Disclosure of Clawed-Back, Privileged Documents**

Federal Rule of Civil Procedure 26(b)(5)(B) allows for clawing-back privileged documents. Motorola's proposed Protective Order includes the procedures for such a claw-back.  Ex. A at 25-26.  These procedures include those missing, but consistent, with the Federal Rules and should be non-controversial, such as timing, expanding the scope to vendors, and not requiring the overly burdensome task of finding (and deleting) privileged documents from hard to access electronic disaster recovery systems.  *Id.*  Uniloc has not identified any provision in Motorola's proposal that is objectionable, and argues only that such a discussion of clawed-back documents should be solely governed by Rule 26 or placed in a separate stipulation.  But, Protective Orders in this district commonly address clawed-back documents [*E.g., Fraunhofer-Gesellschaft, v. Sirius XM Radio Inc.*, D. Del., C.A. No. 17-184, Dkt. 90 (Dec. 21, 2017)], and there is no need to go through the process of negotiating a separate stipulation.  The Court can decide this issue now.

    Respectfully,

    */s/ Philip A. Rovner*

    Philip A. Rovner (#3215)

cc:    All Counsel of Record
6475066